# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# Tampa Division

| | |
|---|---|
| Sharon Dorray,<br><br>        Plaintiff,<br><br>-v.-<br><br>Equifax Information Services, LLC;<br>Experian Information Solutions, Inc.;<br>TransUnion, LLC; and<br>Pentagon Federal Credit Union;<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Sharon Dorray brings this Complaint by and through counsel, against Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"); TransUnion, LLC ("TransUnion") (Equifax, Experian and TransUnion each a "Bureau" and collectively "Bureaus"); and Pentagon Federal Credit Union ("PenFed or "Furnisher"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq.*, also known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Florida, County of Hillsborough.

5. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6. Defendant Equifax Information Services LLC, is a consumer reporting agency defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7. Equifax is a Georgia corporation registered to do business in this State.

8. Equifax may be served with process upon its registered agent at Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

9. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10. Defendant Experian, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

11. Experian, is an Ohio corporation registered to do business in this State.

12. Experian may be served with process upon its registered agent at c/o CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

13. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

14. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Defendant TransUnion, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

16. TransUnion is a Delaware corporation registered to do business in this State.

17. TransUnion may be served with process upon its registered agent at The Prentice-Hall Corporation System, Inc., 1201 Hays Street, Tallassee, FL 32301.

18. TransUnion is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

19. At all times material hereto, TransUnion disbursed such consumer reports to third parties under a contract for monetary compensation.

20. Defendant PenFed is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

21. PenFed may be served with process upon its registered agent at c/o Odom, F. Perry, 305 South Gadsden Street, Tallahassee, FL 32301.

## **FACTUAL ALLEGATIONS**

22. Plaintiff incorporates the above allegations as if set forth here.

### Background

23. Sometime prior to the events relevant here, Plaintiff allegedly made purchases on her PenFed credit card account.

24. Plaintiff's PenFed credit card account number begins with 430679… ("Account").

25. Every month Plaintiff sent her credit card payments from her bank account by Bill Pay to PenFed.

26. On or around February 1, 2022, Plaintiff made a payment to PenFed through Bill Pay for $1,523.93.

27. Plaintiff's bank account contained at least $1,523.93 in funds to cover the Bill Pay check.

28. PenFed credited the funds to the Account.

29. Plaintiff's bank account showed the ACH was processed by PenFed on February 1, 2022.

30. PenFed received the full payment on that date.

31. Yet PenFed then removed the payment from the Account.

32. This occurred for several months, the posting and removing of the credit card payment.

33. This was an error by PenFed.

34. Plaintiff spent the following four months attempting to correct the payment.

35. Finally, in June 2022 PenFed corrected the payment and posted it to the Account.

36. Plaintiff never submitted a different or additional payment than the February 1, 2022 payment.

37. Once PenFed corrected its mistake it also removed all late charges and fees, correcting the balance to $0.

38. However, the credit reporting for the months of February-June 2022 remained as delinquent.

39. But this was false.

40. Plaintiff was not delinquent.

41. It was incorrect for Plaintiff's credit report to reflect a delinquency on the Account for February-June 2022.

42. Certainly, it was misleading for Plaintiff's credit report to reflect a delinquency on the Account for February-June 2022.

43. On information and belief, on date(s) better known to each Bureau, it issued credit reports concerning the Plaintiff of late payments to Furnisher for four months.

44. However, Plaintiff was not late on the Account.

45. Plaintiff did not owe any money on the Account in the months following February 2021.

46. Plaintiff paid the Account with Furnisher.

47. The information furnished by Defendant Furnisher and published by each Bureau is inaccurate.

48. Each Bureau has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

## Violations

49. Plaintiff notified each Bureau that she disputed the accuracy of the information it was reporting on or around March 15, 2023 ("Dispute").

50. Plaintiff stated in her Dispute that the Account was paid on February 1, 2022 and the late payments should be removed.

51. Each Bureau is required to notify Furnisher of Plaintiff's dispute.

52. It appears and is therefore averred that each Bureau notified Furnisher of Plaintiff's dispute.

53. Upon receipt of the dispute of the account by the Plaintiff from each Bureau, Furnisher failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed accounts.

54. Had Furnisher done a reasonable investigation it would have been revealed that the Account is inaccurate.

55. A reasonable investigation by each Defendant would have revealed that the Account was being incorrectly reported.

56. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, Defendants did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

57. Each Bureau's actions described herein violated 15 U.S.C. § 1681i.

58. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

59. Had each Bureau enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report, the negative account information would not have appeared on Plaintiff's credit report.

60. Furnisher's actions described herein violated 15 U.S.C. 1681s-2 (b).

61. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

62. Defendants knew or should have known that the information was inaccurate.

63. Furnisher continues to furnish credit data which is inaccurate and materially misleading, and each Bureau's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

*Damages*

64. As a result of Defendants' failure to comply with the FCRA, Plaintiff has been damaged.

65. Defendants' erroneous reporting continues to affect Plaintiff's reputation, creditworthiness, and credit score.

66. Plaintiff suffered damage to her reputation as it falsely appears as if she is delinquent on the Account.

67. This false delinquency was published to numerous third parties.

68. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful financial affairs.

69. Plaintiff has, inter alia, suffered a loss of credit, loss of ability to purchase and benefit from credit, loss of time, loss of money, harm to her reputation, a chilling effect on applications for credit, mental and emotional pain,

anguish, humiliation, and embarrassment of having incorrect information on her credit report, in her credit file, and for credit denial and its after-effects.

70. Plaintiff was emotionally distraught and damaged, and had difficulty with sleep.

71. Plaintiff was also denied funding opportunities due to Defendants' actions.

72. After disputing the Account and requesting it be corrected, Plaintiff was attempting to secure credit.

73. Due to each of Defendants' action, Plaintiff was unable to secure the necessary credit.

74. Plaintiff attempted to refinance her mortgage.

75. However, due to each Defendant's actions, she was only able to obtain a loan with a very high rate of interest.

76. It would have been financially unfeasible to for Plaintiff to have refinanced while Defendants were misreporting the Account.

77. Other than the Account, Plaintiff mortgage credit report showed only a single 30-day late payment on all of her other accounts in her entire credit report.

78. Plaintiff pays her bills on time and did so here; yet Defendants persisted in incorrectly reporting her timely payment.

**FIRST CAUSE OF ACTION**
**(Violation of the FCRA as to each Bureau)**

79. Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

80. This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

81. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files maintained concerning Plaintiff.

82. Each Bureau violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's Dispute and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

83. Each Bureau has willfully and recklessly, or in the alternative negligently failed to comply with the Act.

84. The failure of each Bureau to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    c) The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;

  d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

  e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;

  f) The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

  g) The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

85. As a result of the conduct, action and inaction of each Bureau, Plaintiff suffered damages as described above.

86. The conduct, action and inaction of each Bureau was willful rendering each Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

87. In the alternative, the conduct, action, and inaction of each Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

88. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## SECOND CAUSE OF ACTION
**(Violation of the FCRA as to Furnisher)**

89. Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

90. This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

91. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

92. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

93. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

94. Upon receipt of Plaintiff's Dispute, Furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and

properly investigate the dispute of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

95. Furnisher continued to report these accounts on the Plaintiff's credit report after being notified of her dispute regarding the inaccuracies in relation to said accounts.

96. As a result of the conduct, action, and inaction of the Furnisher, Plaintiff suffered damages as described above.

97. The conduct, action, and inaction of Furnisher was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

98. In the alternative, the conduct, action and inaction of Defendant Furnisher was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

99. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

WHEREFORE, Plaintiff demands judgment for damages, together with attorney's fees and court costs pursuant to §§ 1681n-1681o.

**DEMAND FOR TRIAL BY JURY**

100. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3); and d

g) For any such other and further relief as this Court may deem just and proper.

Dated: September 29, 2023

Respectfully submitted,
**ZEIG LAW FIRM, LLC**
*/s/ Justin Zeig*
Justin Zeig, Esq.
3475 Sheridan Street, Ste 310
Hollywood, FL 33021
Phone: (754) 217-3084
Fax: (954) 272-7807
Justin@zeiglawfirm.com

*Attorneys for Plaintiff*